**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| **IN RE COMPLAINT OF JUDICIAL MISCONDUCT** | No. 22-90122<br><br>**ORDER** |

Filed April 16, 2024

**ORDER**

**MURGUIA**, Chief Judge:

Complainant, a pro se litigant, has filed a complaint of judicial misconduct against a district judge. Review of this complaint is governed by the Rules for Judicial Conduct and Judicial-Disability Proceedings ("Judicial-Conduct Rules"), the federal statutes addressing judicial conduct and disability, 28 U.S.C. § 351 et seq., and relevant prior decisions of the Ninth Circuit Judicial Council. In accordance with these authorities, the names of complainant and the subject judge shall not be disclosed in this order. See Judicial-Conduct Rule 11(g)(2).

The Judicial Conduct and Disability Act provides a remedy if a federal judge "has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts."  28 U.S.C. § 351(a).  A chief judge may dismiss a complaint if, following review, he or she finds it is not cognizable under the statute, is directly related to the merits of a decision or procedural ruling, or is frivolous or lacks sufficient evidence to raise an inference of misconduct.  See 28 U.S.C. § 352(b)(1)(A)(i)-(iii).  Judicial misconduct proceedings are not a substitute for the normal appellate review process, and may not be used to seek reversal of a judge's decision, to obtain a new trial, or to request reassignment to a different judge.

Complainant alleges that the district judge should have recused himself for two reasons.  First, complainant previously filed a civil lawsuit against this judge, which was dismissed in 2019.  Second, complainant previously filed a judicial misconduct complaint against this judge, which was dismissed in 2020.  Complainant alleges that the district judge was biased against him and unable to remain impartial, in light of these earlier filings.

The Committee on Codes of Conduct has published guidance regarding recusal considerations when a litigant has filed lawsuits or judicial misconduct complaints against the judge presiding over their case.  See Comm. on Codes of Conduct, Advisory Opinion No. 103 (2009).  The Committee cautioned against automatic recusal, which may "encourage litigants to manipulate and abuse the judicial process," but also noted that a "universal refusal to recuse" may negatively impact "public confidence in the integrity of the judicial process."  Id.  The Committee concluded that when a lawsuit against the judge is promptly dismissed on judicial immunity grounds, the judge's impartiality in an

unrelated filing by the same litigant cannot be reasonably questioned. Id. Here, the prior civil lawsuit against the district judge was promptly dismissed on judicial immunity grounds, and had concluded years before complainant filed an unrelated case before the same judge. On these facts, there is no basis for concluding that the district judge's impartiality was compromised and this allegation is dismissed as unfounded. See 28 U.S.C. § 352(b)(1)(A)(iii) (listing reasons the chief judge may decide to dismiss the complaint, including claims that are lacking sufficient evidence to raise an inference that misconduct has occurred); Judicial-Conduct Rule 11(c)(1)(D).

Similarly, the Committee concluded that after a judicial misconduct complaint is dismissed, "no reasonable person would then question the ability of the judge to participate impartially in the complaining litigant's case." Advisory Opinion No. 103. Here, the prior complaint for judicial misconduct was dismissed more than two years before complainant filed another federal lawsuit before the same judge. Because there is no basis to question the district judge's impartiality, this allegation is dismissed as unfounded. See 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D).

Finally, complainant alleges that the district judge is "unfit for the bench" because he "can't comprehend" the substance of complainant's filing. A review of the relevant dockets demonstrates that complainant has a long history of using the federal courts to attempt to relitigate a state court matter, which was settled many years ago. The fact that the district judge recognized the filing as another attempt to relitigate a settled matter is no challenge to his fitness. Because complainant has failed to show that the judge is "unable to discharge [his] duties" or "to function

effectively," this allegation is dismissed as baseless and unfounded.  See Judicial-Conduct Rule 4(c).

**DISMISSED.**